[Cite as *State v. Walker*, 2017-Ohio-8566.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17-CA-32, 17-CA-53 |
| GARY D. WALKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Common
                             Pleas Court, Case No. 2009CR0052D

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      November 13, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               GARY D. WALKER, PRO SE
Prosecuting Attorney,                     Inmate No. A554324
Richland County, Ohio                     Richland Correctional Institution
                                          1001 Olivesburg Road
By: JOSEPH C. SNYDER                      Mansfield, Ohio 44901
Assistant Prosecuting Attorney
38 South Park Street, Second Floor
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}   Defendant-appellant Gary D. Walker appeals the judgment entered by the Richland County Common Pleas Court overruling his request for waiver of court costs and overruling his request for waiver of restitution in the amount of $20,000, but granting the motion in the amount of $12,538.  Appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

{¶2}   This case arose from a scheme in which appellant directed others to cash forged federal stimulus checks at Wal–Marts throughout Ohio.  On June 2, 2009, after the commencement of a jury trial in the Richland County Common Pleas Court, Appellant pled guilty to forty-seven felony counts, including engaging in a pattern of corrupt activity, forgery, and theft.  He was sentenced to an aggregate term of imprisonment of twelve years, and ordered to pay restitution in the amount of $32,538.

{¶3}   On March 15, 2016, the U.S. District Court for the Southern District of Ohio, Western Division, granted Appellant a conditional writ of habeas corpus, ordering Appellant to be released unless he was granted a new direct appeal of the Richland County conviction, with appointed counsel, within 180 days. *Walker v. Warden, Lake Erie Correctional Institution*, S.D.Ohio No. 1:13cv159 (Mar. 15, 2016).   We reopened Appellant's direct appeal on April 12, 2016.

{¶4}   Appellant assigned eight errors on the reopened appeal.  We vacated the trial court orders to pay court costs and restitution, and remanded the case to the trial court for the limited purposes of 1) allowing Appellant to move the court to waive payment

---

[1] A rendition of the facts underlying Appellant's criminal convictions is unnecessary for our disposition of this appeal.

of court costs, and 2) permitting the trial court to consider Appellant's present and future ability to pay $32,538 in restitution. *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 62. In all other respects we affirmed Appellant's convictions and sentences.

{¶5} The trial court held a hearing on March 13, 2017, on the issue of restitution and court costs. Following the hearing, the trial court amended restitution from $32,538 to $20,000, and left the order to pay court costs in place. Appellant filed a writ of mandamus with this Court seeking a final appealable order in compliance with *State v. Baker,* 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330. Appellant also filed a direct appeal from the judgment entry in Appellate Case Number 17CA32.

{¶6} The trial court issued a nunc pro tunc sentencing entry on May 31, 2017, incorporating its restitution order of March 29, 2017, with its 2009 sentencing entry. The writ of mandamus was thereafter dismissed, and Appellant filed a notice of appeal from the May 31, 2017 entry in Appellate Case Number 17CA53. We consolidated Case Numbers 17CA32 with 17CA53, with Case Number 17CA53 controlling.

{¶7} It is from the May 31, 2017 entry Appellant prosecutes this appeal, assigning the following as error:

"I. THE TRIAL COURT ERRED BY ISSUING A NON-FINAL APPEALABLE ORDER [THE MARCH 29, 2017 ORDER] WHICH DEPRIVED THIS APPELLATE COURT SUBJECT-MATTER JURISDICTION OVER THE APPEAL IN STATE V. WALKER, RICHLAND APP. NO. 2017-CA-0032.

"II.    THE TRIAL COURT VIOLATED THE CONFRONTATION CLAUSE TO THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, THE DUE PROCESS CLAUSE TO THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND CRIM. R. 43(A) BY IMPOSING RESTITUTION AND COURT COST IN THE MAY 31, 2017 NUNC PRO TUNC SENTENCING ENTRY WITHOUT APPELLANT BEING PRESENT.

"III.  THE TRIAL COURT COMPLETELY DEPRIVED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY IMPOSING RESTITUTION AND COURT COST IN THE MAY 31, 2017 NUNC PRO TUNC SENTENCING ENTRY WITHOUT COUNSEL BEING PRESENT.

"IV.    THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE TO THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION BY INCREASING APPELLANT'S SENTENCES ON COUNTS 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 45, 46, 47 AND 48, WITH RESTITUTION AFTER APPELLANT COMPLETED HIS SENTENCES FOR THOSE COUNTS.

"V.    THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING IN COMPLIANCE WITH R.C. 2929.28(A)(1) WHEN APPELLANT DISPUTED THE AMOUNT OF RESTITUTION.

"VI. THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED

STATES CONSTITUTION BY FAILING TO AFFORD APPELLANT NOTICE AND THE OPPORTUNITY TO BE HEARD REGARDING EVIDENCE THE COURT USED TO MODIFY AND CALCULATE THE RESTITUTION SENTENCE IN THE MAY 31, 2017 NUNC PRO TUNC SENTENCING ENTRY.

"VII. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUISITE JUDICIAL FINDINGS MANDATED BY R.C. 2929.14(C)(4).

"VIII. THE TRIAL COURT IMPOSED SENTENCES CONTRARY TO LAW UNDER R.C. 2929.41(A) BY ORDERING THE SENTENCES IN THE INSTANT CASE TO RUN CONSECUTIVE TO THE SENTENCES IMPOSED IN APPELLANT'S UNRELATED CASES.

"IX. THE TRIAL COURT VIOLATED THE DOUBLE JEOPARDY CLAUSE TO THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY FAILING TO CREDIT APPELLANT FOR TIME SERVED IN PRISON AND BY FAILING TO INCLUDE THOSE DAYS IN THE MAY 31, 2017 NUNC PRO TUNC SENTENCING ENTRY.

"X. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING TO DETERMINE THE AMOUNT OF COURT COST TO BE IMPOSED IN COMPLIANCE WITH R.C. 2923.32(B)(2)(c).

"XI. THE TRIAL COURT ERRED WHEN IT FAILED TO COMPLY WITH R.C. 2947.23(a)(1)(i)."

{¶8}   We note, this matter comes before this Court pursuant to the accelerated calendar and App. Rule 11.1. Accordingly, it is sufficient compliance with Appellate Rule 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

I.

{¶9}   In his first assignment of error, Appellant argues the court erred in issuing an entry amending the amount of restitution which did not constitute a final, appealable order pursuant to Crim. R. 32(C).  As discussed in the Statement of the Case, the trial court issued a nunc pro tunc sentencing order, including the revised amount of restitution. The appeals from both entries have been consolidated, and this assignment of error is moot.

{¶10}  The first assignment of error is overruled.

II., III.

{¶11} In his second and third assignments of error, Appellant argues the court erred in issuing a nunc pro tunc sentencing entry outside his presence, and without affording him the right to counsel.

{¶12} The trial court held a hearing on restitution and court costs on March 13, 2017, at which Appellant was present and represented by counsel.  The court issued an order modifying restitution in accordance with the evidence presented at this hearing, which the court later incorporated into a complete sentencing entry via the nunc pro tunc entry filed May 31, 2017.

{¶13} The remedy for failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.  *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236,

2011-Ohio-235, 943 N.E.2d 535, ¶ 18 (2011).  Appellant was not entitled to a second hearing at which he had the right to be present and the right to counsel before the trial court issued a nunc pro tunc sentencing entry.

{¶14} The second and third assignments of error are overruled.

IV.

{¶15} In his fourth assignment of error, Appellant argues the court violated the Double Jeopardy clause of the Fifth Amendment by adding restitution to his sentence for counts on which he had completed his prison sentence.

{¶16} The judgment did not increase Appellant's sentence for counts on which Appellant had finished serving his prison sentence by adding restitution to his sentence. Restitution was always a part of Appellant's sentence.  Rather, Appellant challenged in Case No. 09CA88 the court's failure to consider his present and future ability to pay restitution, and we remanded to the court for further proceedings on the issue of restitution at Appellant's request.  The trial court did not violate Double Jeopardy by imposing a lower amount of restitution than the amount originally ordered.

{¶17} The fourth assignment of error is overruled.

V.

{¶18} In his fifth assignment of error, Appellant argues the court erred in failing to hold an evidentiary hearing on the amount of restitution based on evidence of Wal-Mart's actual economic loss.  He argues an evidentiary hearing was required in accordance with R.C. 2929.18(A)(1), which provides in pertinent part:

> If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

**{¶19}** The remand in the instant case was limited strictly to Appellant's ability to pay restitution, and not for the purpose of allowing Appellant to dispute the amount of restitution sought by the victim:

> In the instant case, we are unable to determine from the record that the trial court made any inquiry into appellant's ability to pay restitution because the record is devoid even of any reference to a pre-sentence investigation. We are thus constrained to vacate the restitution order and remand this matter to the trial court for consideration of appellant's present and future ability to pay. *Moody, supra,* 2010–Ohio–3272, at ¶ 55. A review of the record does not demonstrate the trial court complied with R.C. 2929.19(B)(6). *State v. Woods*, 5th Dist. Licking No. 12–CA–19, 2013–Ohio–1136, ¶ 51. See also, *State v. Caudill*, 5th Dist. Ashland No. 03–COA–031, 2004–Ohio–2803.

> Appellant's eighth assignment of error is sustained to the extent that the orders to pay court costs and restitution are vacated. The matter is remanded to the trial court for the limited purposes of 1) allowing appellant

to move the court to waive payment of court costs, and 2) permitting the trial court to consider appellant's present and future ability to pay $32,538 in restitution. *Joseph*, *supra*, 2010–Ohio–954 at ¶ 23; *Sizemore*, *supra*, 2016–Ohio–1529 at 36.

**{¶20}** *State v. Walker*, 5th Dist. Richland No. 09CA88, 2016-Ohio-8615, ¶ 61-62.

**{¶21}** The fifth assignment of error is overruled.

VI.

**{¶22}** Appellant argues the court erred in failing to give him notice and an opportunity to be heard on the evidence the court used to modify restitution in the May 31, 2017, nunc pro tunc judgment of sentencing.

**{¶23}** In the March 29, 2017 order on Appellant's request to waive court costs and restitution, the trial court made findings based on the March 13, 2017 evidentiary hearing regarding the amount of restitution. The trial court found Appellant to be above average in intellectual and tactical ability based on the scheme to forge and cash federal stimulus checks at Walmart stores throughout Ohio. The court noted almost none of the fruits of his thefts were recovered, and Appellant was able to hire counsel to represent him on his earlier appeal. The trial court found Appellant's testimony that an unnamed friend of his talked counsel into doing the appeal to not be credible, and believed counsel did not work for free. The court further noted Appellant received his GED and attended college while in prison, is certified in graphic arts and design, was an entrepreneur prior to his prison sentence, and at least one Cleveland attorney had shown interest in employing him after his release from prison. The court thus concluded Appellant had a future ability to pay

when released from prison, but determined the restitution should be capped at $20,000.00.

**{¶24}** The amount of restitution in the May 31, 2017 judgment was $20,000, in accordance with the more detailed entry of March 29, 2017, for which Appellant was afforded notice and an opportunity to be heard.

**{¶25}** The sixth assignment of error is overruled.

VII., VIII.

**{¶26}** In his seventh assignment of error, Appellant argues the court erred in imposing consecutive sentences without making the judicial findings mandated by R.C. 2929.14(C)(4). In his eighth assignment of error, Appellant argues the court erred in ordering the sentences in the instant case to run consecutive to his sentences imposed in his unrelated cases.

**{¶27}** The instant case was not remanded for resentencing. The remand was limited to Appellant's present and future ability to pay restitution, and for consideration of his request to waive costs. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 1996–Ohio–337, 671 N.E.2d 233, syllabus. We find Appellant's claims regarding consecutive sentencing to be barred by res judicata.

**{¶28}** The seventh and eighth assignments of error are overruled.

IX.

**{¶29}** In his ninth assignment of error, Appellant argues the court failed to give him credit for time served in the May 31, 2017 nunc pro tunc sentencing entry.  He argues the entry should have reflected the time served between the date of his original sentencing and the date of resentence.

**{¶30}** Appellant was not resentenced upon remand; rather, the court considered solely the issues concerning restitution and costs which we directed the court to consider.  The trial court did nothing to modify the calculation of days Appellant was sentenced to serve as part of his prison sentence, and his release date was in no way affected as a result of the proceedings on remand or as a result of the May 31, 2017 entry.  Therefore, the entry need not reflect the portion of his sentence previously served.

**{¶31}** The ninth assignment of error is overruled.

X., XI.

**{¶32}** In his tenth assignment of error, Appellant argues pursuant to R.C. 2923.32(B)(2)(c) the trial court was required to hold a hearing to determine the amount of court costs.  In his eleventh assignment of error, he argues the court erred in failing to inform him, as required by R.C. 2947.23(A)(1)(i) that community service could be imposed if he failed to pay court costs.

**{¶33}** The remand in the instant case was to allow Appellant to request a waiver of costs.  The trial court was not required to hold a hearing on the amount of costs, nor was the court required to inform him at this juncture of the consequences of his failure to pay costs.

**{¶34}** The tenth and eleventh assignments of error are overruled.

{¶35}  The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur