[Cite as *State v. Blackford*, 2018-Ohio-3115.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-00006 |
| MICHAEL P. BLACKFORD | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:       Criminal appeal from the Perry County
Court of Common Pleas, Case No. 09-CR-
0052

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        August 3, 2018

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

JOSEPH A. FLAUTT                  MICHAEL P. BLACKFORD, PRO SE
PROSECUTING ATTORNEY             #617-898
111 North High Street             1150 North Main Street
Box 569                           Mansfield, OH 44901
New Lexington, OH 43764-0569

*Gwin, P.J.*

{¶1} Appellant Michael Blackford appeals the February 20, 2018 judgment entries of the Perry County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In August of 2009, appellant was indicted by the Perry County Grand Jury on the following counts: count one, aggravated burglary in violation of R.C. 2911.11(A)(1); count two, aggravated robbery in violation of R.C. 2911.11(A)(2); counts three and four, aggravated robbery in violation of R.C. 2911.01(A)(1), and counts five, six, seven, and eight, kidnapping in violation of R.C. 2905.01(A)(2). Each of the eight counts contained two firearm specifications.

{¶3} On October 26, 2009, appellant entered pleas of guilty to one count of aggravated burglary in violation of R.C. 2911.11(A)(1), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), and four counts of kidnapping in violation of R.C. 2905.01(A)(2). The remaining charges, along with all of the firearm specifications, were dismissed.

{¶4} On November 23, 2009, the trial court sentenced appellant to three years on the aggravated burglary count, three years on the aggravated robbery count, and two years each on the kidnapping counts, all to be served consecutively, for an aggregate term of fourteen years.

{¶5} Appellant filed a delayed appeal and argued that the trial court erred in imposing consecutive sentences on his four kidnapping counts; the trial court erred in failing to merge one kidnapping count with aggravated robbery; and that he received

ineffective assistance of counsel.  In *State v. Blackford*, 5th Dist. Perry No. 12 CA 3, 2012-Ohio-4956, we overruled appellant's assignments of error.

{¶6}    On January 19, 2018, appellant filed a motion to vacate void judgment. Appellant argued he was improperly sentenced on two counts of aggravated burglary and that since the judgment entry stated he was being sentenced for an aggravated robbery charge contained in the "second count," his sentence is void.    Appellee filed a memorandum in opposition on February 8, 2018.

{¶7}    On February 20, 2018, the trial court denied appellant's motion to vacate void judgment and issued a nunc pro tunc judgment entry to reflect that the aggravated robbery charge was contained in count three of the indictment, rather than in count two of the indictment.

{¶8}    Appellant appeals the February 20, 2018 judgment entries of the Perry County Court of Common Pleas and assigns the following as error:

{¶9}    "I. IS THE NOVEMBER 23, 2009 JOURNALIZED JUDGMENT ENTRY VOID.

{¶10} "II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S 'MOTION TO VACATE VOID JUDGMENT' FILED IN THE COURT OF COMMON PLEAS ON JANUARY 19, 2018.

{¶11} "III. THE TRIAL COURT ERRED WHEN IT MODIFIED ITS NOVEMBER 26, 2009 JOURNAL ENTRY WHEN IT ISSUED A NUNC PRO TUNC ENTRY ON FEBRUARY 20, 2018 IN RESPONSE TO APPELLANT'S 'MOTION TO VACATE VOID JUDGMENT.

{¶12} "IV. THE TRIAL COURT ACTED WITHOUT AUTHORITY/JURISDICTION WHEN IT IMPOSED A SENTENCE ON A DISMISSED COUNT RENDERING THE JUDGMENT VOID.

{¶13} "V. THE TRIAL COURT VIOLATED OHIO CRIMINAL RULE 43(A) WHEN IT ISSUED A NUNC PRO TUNC ENTRY CHANGING THE OFFENSE FOR WHICH APPELLANT WAS SENTENCED WITHOUT HIM BEING PRESENT."

I., II., III., IV.

{¶14} In his first four assignments of error, appellant argues the trial court erred in denying his motion to vacate void judgment and in issuing a nunc pro tunc judgment entry to reflect that the aggravated robbery charge was contained in count three of the indictment, rather than in count two of the indictment.

{¶15} Appellant contends the November 23, 2009 judgment entry must be vacated because it sentenced him for two counts of aggravated burglary when he only pled guilty to one count of aggravated burglary. Further, that the trial court failed to impose a sentence for aggravated robbery even though he entered a plea of guilty to that offense and thus the judgment entry is void. We disagree.

{¶16} In the November 23, 2009 judgment entry, the trial court specifically sentenced appellant on one count of aggravated burglary, Section 2911.11(A)(1), to a definite term of three years. The trial court did not sentence appellant on the second count of burglary and specifically noted the State of Ohio entered a nolle prosequi to one count of aggravated burglary pursuant to R.C. 2911.11(A)(2). Further, the trial court did impose a sentence for aggravated robbery pursuant to R.C. 2911.01(A)(1), a definite term of three years, consecutive to the sentence for aggravated burglary. Accordingly, the

trial court sentenced appellant on only one count of aggravated burglary and did impose a sentence for aggravated robbery.

{¶17} Appellant also argues the trial court erred in issuing a nunc pro tunc entry. The nunc pro tunc entry filed by the trial court on February 20, 2018 changes one word – it changes, in the sentence for aggravated robbery, "a felony of the first degree as contained in the second count of the indictment," to "a felony of the first degree as contained in the third count of the indictment."

{¶18} With respect to nunc pro tunc judgment entries, the court in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, observed as follows:

> It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State ex rel. Fogle v. Steiner*, (1995), 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288; Crim.R. 36. Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, paragraph 15; Crim.R. 36. Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. *Miller* at paragraph 15; *Fogle* at 164, 656 N.E.2d 1288.
>
> "Nunc pro tunc" means "now for then" and is commonly defined as "[h]aving retroactive legal effect through a court's inherent power." Black's Law

Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. * * *

**{¶19}** In this case, at the sentencing hearing, the trial court stated it "is going to sentence you to three years on the aggravated robbery count, three years on the aggravated burglary count, two years on each kidnapping count, for a total of fourteen years, all counts running consecutive to each other." Appellant confirmed that he understood the trial court's sentence and did not have any questions.

**{¶20}** The nunc pro tunc entry does not substantively change appellant's sentence; rather it corrected the clerical error that the aggravated robbery charge was actually the third count of the indictment and not the second count of the indictment. See *State v. Patterson*, 5th Dist. Stark No. 2017CA00153, 2017-Ohio-9001; *State v. Dudley*, 5th Dist. Fairfield No. 2005 CA 1005, 2006-Ohio-6290. Accordingly, the trial court had the authority to correct this clerical error in a nunc pro tunc entry and this correction does not render his sentence void.

**{¶21}** Appellant's first four assignments of error are overruled.

V.

**{¶22}** In his fifth assignment of error, appellant argues the trial court violated Criminal Rule 43(A) when it issued a nunc pro tunc entry changing the offense for which appellant was sentenced without him being present. We disagree.

**{¶23}** As discussed above, the nunc pro tunc sentencing entry did not change the offense for which appellant was sentenced, but merely corrected a clerical error. While Rule 43(A) has been held to apply to situations whereby a sentence is vacated and a new sentence imposed, "such is not the case when a nunc pro tunc entry is issued to correct

an error in the journal entry to reflect the actual sentence imposed at the sentencing hearing." *State v. Francis*, 5th Dist. Guernsey No. 98CA13, 2000 WL 93682; *State v. Walker*, 5th Dist. Richland No. 17-CA-32, 2017-Ohio-8566.

{¶24} The sentence in this case was not vacated. The court was not required to correct the entry in appellant's presence. *Id.* Appellant's fifth assignment of error is overruled.

{¶25} Based on the foregoing, appellant's assignments of error are overruled. The February 20, 2018 judgment entries of the Perry County Court of Common Pleas are affirmed.

By Gwin, P.J,

Delaney, J., and

Wise, Earle, J., concur