[Cite as *State v. Moreland*, 2015-Ohio-5386.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-16 |
| | : | |
| v. | : | T.C. NO. 03CR325 |
| | : | |
| WESLEY E. MORELAND | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___22nd___ day of ____December____, 2015.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

JOSE M. LOPEZ, Atty. Reg. No. 0019580, 18 East Water Street, Troy, Ohio 45373
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Wesley E. Moreland appeals from a judgment of the Miami County Court of Common Pleas, which denied his "motion and application" to seal the record of his 2004 conviction for two counts of voyeurism, in violation of R.C. 2907.08(D)(1), felonies of the fifth degree. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} Moreland pled guilty to two counts of voyeurism involving his step-daughter, who was a minor at the time of the offenses. In January 2004, the trial court sentenced him to five years of community control. Moreland was designated a sexually oriented offender, which required him to register as a sex offender for ten years.

{¶ 3} Moreland's community control was successfully terminated in December 2007. His sex offender registration requirement concluded in January 2014.

{¶ 4} On April 14, 2015, Moreland filed a "motion and application to seal the record," pursuant to R.C. 2953.32. The State opposed the motion, arguing that Moreland was not an eligible offender. The State asserted that three years had not elapsed since the final discharge of Moreland's case, because he was required to register as a sex offender until January 2014. The State further argued that the nature of Moreland's criminal offense and the facts underlying Moreland's conviction warranted a denial of his application to seal the record in his case.

{¶ 5} On June 2, 2015, the trial court overruled Moreland's application. The court concluded that Moreland's conviction could not be sealed, because the offense he committed (voyeurism) was excluded under R.C. 2953.36(F). Moreland appeals the trial court's judgment.

{¶ 6} In his sole assignment of error, Moreland claims that the trial court erred in denying his motion and application to seal the record. He argues that R.C. 2953.36(F) should not be read to preclude the sealing of his conviction for voyeurism when that offense is not precluded by the specific provisions of R.C. 2953.36(E).

{¶ 7} "[T]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d

178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 19. Accordingly, we review the statutory requirements as they existed in April 2015, not when Moreland was convicted.

{¶ 8} R.C. 2953.31 et seq. permits an "eligible offender" to request that his or her criminal record be sealed.[1] The application may be made at the expiration of three years after the offender's final discharge, if the defendant was convicted of a felony. R.C. 2953.32.

{¶ 9} R.C. 2953.36 excludes several types of convictions from being sealed. That statute provides, in relevant part:

Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: * * *

(E) Convictions on or after October 10, 2007, under section 2907.08, 2907.09, 2907.21, 2907.22, 2907.23, 2907.31, 2907.311, 2907.32, or 2907.33 of the Revised Code when the victim of the offense was under eighteen years of age;

(F) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code[.]

---

[1] An "eligible offender" is "anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31(A). Certain offenses (for example, minor misdemeanors) are not counted as convictions, and the statute provides a somewhat complicated framework for determining when two or more convictions are counted as one conviction. *See id.*

An applicant whose conviction falls within any provision of R.C. 2953.36 is not "eligible" to have his or her conviction sealed. *State v. Widener*, 2d Dist. Miami No. 2013-CA-29, 2014-Ohio-333, ¶ 7.

{¶ 10} The trial court's preliminary determination as to whether the statutory eligibility requirements for sealing a conviction apply is a question of law that this court reviews de novo. After it has properly determined that a conviction is eligible to be sealed, the trial court's decision to grant or deny a request to seal records is reviewed for an abuse of discretion. *Widener* at ¶ 8.

{¶ 11} Moreland was convicted in 2004 of two counts of voyeurism, in violation of R.C. 2907.08, a fifth-degree felony; the offense involved a minor. His conviction was not excluded by R.C. 2953.36(E), because that provision applies only to convictions under R.C. 2907.08 that occurred after October 10, 2007, the date that subsection (E) was added to R.C. 2953.36. However, his convictions fell under R.C. 2953.36(F), a subsection that existed prior to the enactment of R.C. 2953.36(E), because his offense was a felony in which the victim was a minor.[2]

{¶ 12} Moreland argues that precluding the sealing of his voyeurism conviction under R.C. 2953.36(F), when it was not precluded under R.C. 2953.36(E), would create an ambiguity that must be resolved in his favor. We disagree. As we stated in *Widener*:

> The applicability of the statutory factors was a straightforward determination
> to be made based on the stated criteria. R.C. 2953.36(E) encompasses
> some offenses of a lesser degree than subsection (F), which applies only

---

[2] Prior to 2007 Am.S.B. 18, which added R.C. 2953.36(E), the general language of R.C. 2953.36(F) existed as R.C. 2953.36(D). The exclusion in R.C. 2953.36(F) for violations of R.C. 2919.21 was added in 2012.

to first-degree misdemeanors and felonies. Any overlap between subsections (E) and (F) results in an offense twice being excluded from consideration for sealing the record; these subsections cannot reasonably be read to make eligible for sealing any conviction for a misdemeanor of the first degree or a felony where the victim is a minor.

*Widener* at ¶ 11.

{¶ 13} In *Widener*, the defendant was charged with contributing to the delinquency of a child, a first-degree misdemeanor, in violation of R.C. 2919.24. R.C. 2919.24 is not listed in R.C. 2953.36(E). Widener claimed that because, by definition, all victims of the offense he committed are minors, the legislature would have included that offense in subsection (E) if it had intended to prohibit the sealing of such convictions. We rejected Widener's argument and concluded that Widener's conviction was ineligible for sealing under R.C. 2953.36(F). We reasoned, in part:

The legislature clearly intended that more than one of the subsections apply to offenses involving minor victims, as subsections (E) and (F) both expressly apply to this category of victim. We find no basis in the statutory language for Widener's argument or the court's conclusion that all of the offenses involving minors to which the expungement exclusion was intended to apply were (or must have been) listed in subsection (E).

* * * Moreover, there is nothing in the language of the statute to suggest that there can be no overlap between subsections (E) and (F). The proper role of the courts is to interpret and apply the statutes as written, not to question why they were not written differently or to interpret non-

ambiguous language in a fashion that arguably is "in the best interests of [an] adjudicated child" or the best "public policy."

*Widener* at ¶ 13, ¶ 17.

**{¶ 14}** Here, Moreland's conviction was based on an offense that is listed under R.C. 2953.36(E), but it does not fall under that exclusion because Moreland's conviction preceded the effective date of R.C. 2953.36(E). However, Moreland's conviction falls within the unambiguous language of R.C. 2953.36(F), and there is nothing in R.C. 2953.36 to suggest that R.C. 2953.36(F) should not apply to the offenses listed in R.C. 2953.36(E), even if the circumstances of the offense – in this case, the date of the offense - cause R.C. 2953.36(E) not to apply. Simply stated, Moreland's conviction cannot be sealed if it falls under any of the exclusions in R.C. 2953.36. We therefore conclude that the trial court did not err in denying Moreland's application under R.C. 2953.36(F).

**{¶ 15}** Moreland's assignment of error is overruled.

**{¶ 16}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Janna L. Parker
Jose M. Lopez
Hon. Christopher Gee