[Cite as *State v. Weirauch*, 2018-Ohio-5001.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-0302 |
| | : | |
| TIMOTHY R. WEIRAUCH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of December, 2018.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 55 Greene Street, 1st Floor, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, P.O. Box 291771, 101 Southmoor Circle NW, Kettering, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Timothy R. Weirauch appeals from the trial court's entry denying his application to seal his criminal record pursuant to R.C. 2953.32.

{¶ 2} Weirauch advances two assignments of error. First, he contends the trial court erred in denying his application by failing to follow the requirements of R.C. 2953.32(C)(1). Second, he claims the trial court's denial of his application constituted an abuse of discretion.

{¶ 3} The record reflects that Weirauch was convicted of importuning in 2006. The fifth-degree felony involved Weirauch's seeking a sexual encounter with someone he believed was a fourteen-year-old girl. In reality, the other party was an undercover police officer. Weirauch was 24 years old at the time. The trial court sentenced him to community control sanctions and designated him a sexually-oriented offender. Approximately one year later, Weirauch was found to have violated the terms of community control, and the trial court imposed a six-month prison sentence. After his release from prison, he successfully completed five years of post-release control. His sex-offender registration obligations expired in August 2016.

{¶ 4} In March 2017, Weirauch applied for the sealing of his importuning conviction. Following a hearing, the trial court denied the application in a January 24, 2018 entry. In support, the court reasoned:

> The Defendant was twenty four years old when he committed the offense and twenty four when he violated his community control. He was not a youthful offender doing childlike things. Defendant was given a break when he was sentenced to community control. While on community control

he flaunted authority again by having six violations of his community control—the worst of which was failing to successfully complete the court ordered sex offender treatment program. Not until he was sentenced to the institution did he complete the program. The Court finds that even though several years have passed since he was released from the institution he has not proven that he has been rehabilitated.

The offense for which he was convicted is now an offense which would make the Defendant ineligible for expungement. While the Defendant is an eligible offender, the State and this Court believes [sic] that the government's interest in maintaining the records outweighs the Defendant's interest in having them sealed. All Defendants have a similar interest in having their records sealed. The Defendant has no unique interest to weigh other than his employment opportunities. The Defendant at the age of twenty four solicited for sex [from] what he believed to be a fourteen year old girl. The government has a significant interest with that factual history to not have the record sealed. The Court finds the government's interest outweighs the Defendant's interest. The Court hereby **denies** the Defendant's Application to Seal his Record.

(Entry, Doc. #75 at 2).

{¶ 5} At the outset of the hearing on Weirauch's application, the State stipulated that he qualified as an "eligible offender" under the statutes governing the sealing of criminal records. (Hearing Tr. at 1). Under R.C. 2953.32(A)(1)(a), an eligible offender who has been convicted of a felony may apply to the sentencing court for sealing of a criminal

record "[a]t the expiration of three years after the offender's final discharge if convicted of one felony[.]" After an application is filed, the trial court must hold a hearing and grant the prosecutor an opportunity to object to sealing in writing. R.C. 2953.32(B). As relevant here, the trial court then must (1) determine whether the applicant meets statutory eligibility requirements, including the nature of the offense and the timing of the application, (2) determine whether any criminal proceedings are pending, (3) determine "whether the applicant has been rehabilitated to the satisfaction of the court," (4) consider the prosecutor's reasons, if any, for objecting to the application, and (5) "[w]eigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records." R.C. 2953.32(C)(1)(a) through (e).

{¶ 6} With exceptions not at issue here, an applicant is entitled to have his record of conviction sealed if the trial court finds that he is an eligible offender, that no criminal proceedings are pending, that his interests in having his record sealed are not outweighed by any legitimate governmental need to maintain the record, and that he has been rehabilitated to the satisfaction of the court. R.C. 2953.32(C)(2). We ordinarily review a trial court's decision on an application to seal a criminal record for an abuse of discretion. *State v. Porter*, 2d Dist. Champaign No. 2012 CA 4, 2012-Ohio-5541, ¶ 8. To the extent that a trial court's decision involves interpretation of the record-sealing statutes and is purely a question of law, we apply de novo review. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

{¶ 7} In his first assignment of error, Weirauch contends the trial court failed "to follow the requirements of R.C. 2953.32(C)(1)" when it denied his application. Weirauch's

argument is that the trial court did not address some of the statutory factors set forth above and that it abused its discretion in its consideration of others. Specifically, Weirauch notes the trial court's failure to address whether he had filed his application no earlier than three years after his "final discharge" or whether any criminal proceedings were pending against him. But the trial court did not deny Weirauch's application based on either of these grounds. That being so, its failure to address them cannot have prejudiced him.[1] From Weirauch's perspective, the critical issue is whether the trial court abused its discretion in its consideration of the factors on which it ruled against him. This is the subject of most of Weirauch's first assignment of error and all of his second assignment of error. Consequently, we will address the two assignments of error together.

{¶ 8} With regard to whether he had been rehabilitated, Weirauch stresses that he was released from prison more than nine years before the hearing, that he completed a sex-offender program, that he completed post-release control, and that his sex-offender registration obligation had expired. He testified that he was married, was employed, and owned a home. He also submitted letters of recommendation, and the trial court heard positive testimony from his wife and his father. Weirauch contends the trial court ignored all of this evidence and improperly focused on his behavior at the time of offense and his violation of community control thereafter.

{¶ 9} Weirauch also contends the State represented to the trial court in chambers before the hearing that it would not object to his application. Notwithstanding this purported representation, which is not part of the record, Weirauch notes that the State

---

[1] In any event, Weirauch testified that no criminal proceedings were pending against him, and the record contains no evidence of any. As for the timing of Weirauch's application, we will address that issue more fully below.

did file pre-hearing objections. On appeal, he challenges the validity of those objections, which cited the nature of his offense and a lack of evidence of his rehabilitation. But neither the State's objections, nor its purported agreement not to object, appear to have swayed the trial court in its decision. At the outset of the hearing, the trial court explained that "whether or not there is an objection filed by the State really [was] not that important" to it. (Hearing Tr. at 1).

{¶ 10} Weirauch next contends the trial court abused its discretion when it weighed his interest in sealing his record against the State's interest in maintaining the record. He contends the trial court erred in relying on his lack of any "unique interest" in sealing other than potentially greater employment opportunities. Under his second assignment of error, he reiterates that he was not required to prove some adverse effect before his record could be sealed. He also challenges the trial court's observation that his importuning offense "is now an offense which would make the Defendant ineligible for expungement." Weirauch correctly notes that he committed his offense in August 2006, and the offense of importuning became ineligible for sealing in October 2007. *See* R.C. 2953.36(A)(4) (recognizing that the sealing provisions do not apply to convictions on or after October 10, 2007 for importuning in violation of R.C. 2907.07). Finally, Weirauch repeats his claim that the trial court ignored evidence establishing his rehabilitation, and he argues that the trial court acted unreasonably or arbitrarily by stating that it did not really matter whether the State objected to sealing.

{¶ 11} Having reviewed the record, including the hearing transcript, we do not find an abuse of discretion in the trial court's decision. An abuse of discretion "most often involves an 'unreasonable' decision that is not supported by a sound reasoning process."

*State v. Mackey*, 2018-Ohio-516, 106 N.E.3d 241, ¶ 8 (2d Dist.). Here, however, the trial court engaged in a sound reasoning process even though we might, and Weirauch does, disagree with its conclusion.

{¶ 12} Because Weirauch was required to satisfy all of the criteria in 2953.32(C)(1)(a) through (e) to have his record sealed, we may affirm the trial court's judgment if we conclude that it did not abuse its discretion in resolving any one of those criteria against him. We do reach such a conclusion with regard to the trial court's finding that Weirauch's interests in having his record sealed were outweighed by a legitimate governmental need to maintain the record.

{¶ 13} As set forth above, the trial court weighed the government's interest in maintaining a record of Weirauch soliciting sex from someone he believed was fourteen years old against his interest in improving his employment prospects. The trial court elaborated on that issue during the hearing. Addressing Weirauch, the trial court stated: "Your interest is no different than anybody who ever walks in a courtroom and wants to have it expunged. Oh my god, my conviction is making it hard for me to get a job. * * * It's making—it's making my life difficult. And of course you understand that you were convicted of a felony, which was your own doing." (Hearing Tr. at 27). The trial court then summarized the State's interest in maintaining his criminal record as follows:

But the State's interest is we have a young man who at the age of 24 solicited a 13 year old [sic] for sex, which the State says is really bad. And we're going to make that a felony. Now should we make that go away or should we have that on the record so that when police agencies are looking at people throughout the United States of America and are trying to find

people who are sex offenders who may have raped, killed or murdered 13 year old, 12 year old, 10 year old people is it important for us to look at those people who have been convicted of these types of things before because the State may feel that the fact that you've been convicted of a sex related offense with juveniles involved that you are likely, or more likely, to commit another crime as opposed to people who have never been convicted. So should we keep that record on the books? When somebody moves into a community should community members know that there are sex offenders in the community?

Realtors right now, you know people who are registered—when you are being registered that's public record—and people want to know. So I believe what the State's interest is it's that we want to have this information available to the public and available to police agencies, public agencies. The FBI can always get this stuff. We can't expunge things from the FBI. Anyway, should prospective employers know? Let's say you wanted to go to someplace like Kiwi Corner where there are young children that are there dropped off by their moms. Should that employer know that you were convicted of a sex related offense; if you're around kids at a playground; if you apply for a job at a recreational parks department of Greene County, should Greene County know that you were convicted of an offense dealing with juveniles? That's the State's interest. What information should they have and that's on one scale and your interest is on the other scale.

(Hearing Tr. at 29-30).

{¶ 14} Weirauch suggests on appeal that the trial court improperly required him to prove some specific, actual harm before his record could be sealed. We disagree. As part of its reasoning, the trial court simply recognized that his interest in sealing was not different than the interest asserted by virtually every defendant. We do not believe that taking into consideration the fact that there was nothing unique, or even unusual, about Weirauch's situation amounts to an abuse of discretion. Weirauch also complains about the trial court mentioning the fact that importuning convictions occurring after his offense cannot be sealed. More than once, however, the trial court correctly recognized that Weirauch's own record was eligible for sealing. (Hearing Tr. at 1-2, 28).

{¶ 15} As for Weirauch's contention that the trial court erred in finding it relatively unimportant whether the State objected to sealing, the trial court made clear that it nevertheless would "obviously hear what the State has to say whether they object to it or not." (*Id.* at 1). Thus, the trial court did consider the State's objection, which is all R.C. 2953.32(C)(1) obligated it to do. In any event, given that the State *did* object in writing to the application for sealing, we fail to see how Weirauch could have been prejudiced by the trial court's decision to give the objections little weight in its decision.

{¶ 16} Although Weirauch's sex-offender registration obligation had expired prior to the filing of his application for sealing, we cannot say the trial court abused its discretion in finding that his interests in having his record sealed were outweighed by a legitimate governmental need to maintain the record. Even if reasonable minds might disagree on that issue, we cannot substitute our judgment for the trial court's where its decision is supported by a sound reasoning process.

{¶ 17} Finally, we turn to the State's argument that Weirauch's application

necessarily failed because he filed it less than three years after his "final discharge." This argument implicates R.C. 2953.32(A)(1)(a), which provides that an eligible offender may apply for sealing of his record "[a]t the expiration of three years after the offender's final discharge if convicted of one felony[.]" Although Weirauch filed his application more than three years after the termination of his post-release control, the State reasons that his "final discharge" did not occur until after his sex-offender registration obligations expired in August 2016. Because Weirauch filed his application in March 2017, the State insists that it was premature.

{¶ 18} Unfortunately, the phrase "final discharge" is not defined by statute. The Ohio Supreme Court has determined, however, that "the final discharge required by R.C. 2953.32(A)(1) does not occur until an offender satisfies all sentencing requirements." *State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 28. A "sentence" is defined in R.C. 2929.01(EE) as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." In turn, a "sanction" is defined as "any *penalty* imposed upon an offender who is convicted of or pleads guilty to an offense, as *punishment* for the offense." (Emphasis added) R.C. 2929.01(DD).

{¶ 19} A fair argument can be made that Weirauch's sex-offender registration obligations were not part of his "sentence" for purposes of R.C. 2953.32(A)(1), because he was ordered to register under the "Megan's Law" version of the sex-offender registration statute, which has been classified as *remedial* and *non-punitive*. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570 (1998); *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110; *see also State v. Megarry*, 2018-Ohio-4242, __ N.E.3d

__, ¶ 17 (4th Dist.) ("Megarry's convictions stemmed from a sex offense that occurred prior to the 2008 effective date of the Adam Walsh Act; therefore, they were governed instead by Ohio's version of Megan's Law. * * * Megan's Law sex-offender classification proceedings are remedial instead of punitive, civil in nature, and not part of the criminal sentence.").

{¶ 20} In any event, the State never argued below that Weirauch was ineligible to have his record sealed or that his application was premature. Although the State now characterizes its argument about the timing of Weirauch's application as a jurisdictional issue that may be raised at any time, we need not resolve the issue--which appears to be one of first impression—in order to overrule Weirauch's assignment of error and affirm the trial court's judgment. *See generally State v. Moreland*, 2d Dist. Miami No. 2015-CA-16, 2015-Ohio-5386 (affirming the trial court's denial of an application to seal the defendant's record on the basis that his offense statutorily was precluded from sealing and not addressing an argument that three years had not elapsed since the defendant's "final discharge" due to his sex-offender registration obligations).

{¶ 21} Based on the reasoning set forth above, we hold that at the time the trial court denied appellant's application the trial court did not abuse its discretion in finding that Weirauch's interests in having his record sealed were outweighed by a legitimate governmental need to maintain the record. Accordingly, we overrule his two assignments of error and affirm the judgment of the Greene County Common Pleas Court.

. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Nathaniel R. Luken
J. David Turner
Hon. Dale Crawford, Ret., c/o Greene Co. Common Pleas Court Administrative Judge