OPINION {¶ 1} Defendant-appellant Rick A. Dudley appeals the sentence entered by the Fairfield County Court of Common Pleas following his plea of no contest to two counts of failure to file a monthly sales tax return. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND LAW {¶ 2} Appellant was vice-president and secretary treasurer of the 007 Holding Corporation, dba The OBar, and the 008 Holding Corporation, dba Club Charts. On November 19, 2004, appellant was indicted by the Fairfield County Grand Jury on four counts as follows: count one — failure to remit sales tax in connection with The OBar in violation of R.C. 5739.12(A), a felony of the fourth degree; count two — grand theft in the amount of $33,583.05, relative to the unpaid sales tax for The OBar, in violation of R.C. 2913.02, a felony of the fourth degree; count three — failure to remit sales tax in connection with Club Charts in violation of R.C. 5739.12(A), a felony of the fourth degree; and, count four — grand theft in the amount of $28,608.33, relative to the unpaid sales tax for Club Charts, in violation of R.C. 2913.02, a felony of the fourth degree.
 {¶ 3} The State amended counts one and three of the indictment to reflect the crime of failure to file a monthly sales tax return in violation of R.C. 5739.30, an unclassified misdemeanor, and 5739.99(B), and entered a nolle prosequi with respect to counts two and four of the indictment. The appellant pleaded no contest to counts one and three.
 {¶ 4} During the October 25, 2005, plea/sentencing hearing, the court found the appellant guilty and ordered, inter alia, that appellant "pay the State of Ohio Department of Taxation any excess sales tax up and beyond what the 007 and 008 Corporations pay through liquidation of their assets." Tr. at 16-17. The appellant, through counsel, objected to the language regarding payment to the Department of Taxation, stating:
 {¶ 5} "Well, Your Honor, I know it may be choice of words and it may be logistic gymnastics, but the way you stated that, it's almost as if there's a presumption that there is additional tax owed. And I don't believe there's a basis for that at this point in time. And I would prefer that the entry reflect that these parties be obligated to pay any sales tax, if any, due and owing, as determined at a later date by the State Department of Taxation." Tr. at 17.
 {¶ 6} On October 31, 2005, the trial court issued a judgment entry in which it sentenced the appellant to 60 days in the county jail per count, for a total of 120 days, and, essentially adopting the language requested by the appellant, ordered that the appellant "make a good faith effort to pay sales tax, if any, to the Ohio Department of Taxation over and above amounts paid after liquidation of the 007 Holding Corporation and the 008 Holding Corporation". See, October 31, 2005, judgment entry. The trial court then suspended the appellant's jail sentence and placed him on two years probation. Finally, the trial court ordered the appellant to "[pay] [sic] any restitution, all costs of prosecution, and any fees permitted pursuant to Ohio Revised Code Section 2929.18(A)(4)."
 {¶ 7} The appellant appeals, setting forth the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED PLAIN ERROR IN DELEGATING DETERMINATION OF RESTITUTION.
 {¶ 9} "II. THE TRIAL COURT DEPRIVED THE APPELLANT/DEFENDANT OF HIS PROCEDURAL DUE PROCESS RIGHTS BY FAILING TO CONDUCT A HEARING ON THE ISSUE OF RESTITUTION.
 {¶ 10} "III. THE TRIAL COURT ERRED BY SENTENCING APPELLANT/DEFENDANT PURSUANT TO O.R.C. § 2929.18 AND § 2929.19 FOR MISDEMEANOR CONVICTIONS."
 I, II {¶ 11} In his first and second assignments of error, the appellant argues that the trial court committed plain error and deprived him of his procedural due process rights in delegating the determination of restitution to the Ohio Department of Taxation. We disagree.
 {¶ 12} Plain error arises when a defendant-appellant raises an issue on appeal that he or she did not raise at the trial court level. However, in the case sub judice, not only did the appellant fail to object at the trial court level regarding the calculation of taxes owed, he invited the alleged error. The invited error doctrine provides that a party may not take advantage of an error which he himself invited or induced the trial court to make. See, State ex rel. Bitter v.Missig, 72 Ohio St.3d 249, 254, 1995-Ohio-147, 648 N.E.2d 1355; and,State ex rel. Fowler v. Smith, 68 Ohio St.3d 357, 359, 1994-Ohio-302,626 N.E.2d 950.
 {¶ 13} In the case sub judice, the appellant objected during the October 25, 2005, plea/sentencing hearing to the trial court's language regarding payment of the taxes owed, and asked the court to clarify the fact that there may not be any excess taxes owed after liquidation of the corporations, and that the amount owed, if any, be determined by the Ohio Department of Taxation. This is exactly what the trial court ordered. The appellant cannot now claim that the trial court erred in delegating the calculation of remaining taxes owed, if any, to the Department of Taxation, as the appellant himself asked the court to so delegate. Therefore, assuming arguendo that it was error for the trial court to allow the amount of taxes owed to be determined by the Ohio Department of Taxation, such error was invited by the appellant.
 {¶ 14} Accordingly, we overrule assignments of error numbers I and II.
 III {¶ 15} In his third assignment of error the appellant claims that the trial court erred in sentencing him pursuant to R.C. § § 2929.18 and2929.19, both of which are felony sentencing statutes, when he entered a plea to misdemeanor charges.
 {¶ 16} Appellant entered a no contest plea and was found guilty of two counts of failure to file a monthly sales tax return in violation of R.C. 5739.30, unclassified misdemeanors, and 5739.99(B). Said statutes provide in pertinent part:
 {¶ 17} "R.C. § 5739.30 — Filing of sales tax returns; failure to file
 {¶ 18} (A) No person, including any officer, employee, or trustee of a corporation or business trust, shall fail to file any return or report required to be filed by this chapter, or file or cause to be filed any incomplete, false or fraudulent return, report, or statement, or aid or abet another in the filing of any false or fraudulent return, report, or statement.
 {¶ 19} "R.C. § 5739.99 — Penalties
* * *
 {¶ 20} (B) Whoever violates division (A) of section 5739.30 of the Revised Code shall be fined not less than one hundred nor more than one thousand dollars, or imprisoned not more than sixty days, or both."
 {¶ 21} Appellant was sentenced to 60 days per count, for a total of 120 days, and ordered to pay the costs of prosecution. His sentence was suspended on the condition that he successfully complete two years probation. Probation is permissible in all but minor misdemeanor cases. See, generally, R.C. 2929.25. The sentence is, therefore, within the parameters of the statutes to which appellant pleaded no contest and of which he was found guilty.
 {¶ 22} The October 31, 2005, judgment entry contains a reference to R.C. 2929.19 in paragraph five, and a reference to R.C. 2929.18(A)(4) in the final paragraph. However, these references do not alter the fact that the appellant was sentenced pursuant to R.C. 5739.99. Rather, the references to R.C. 2929.19 and 2929.18(A)(4) are mere clerical errors. The trial court may correct clerical errors at any time pursuant to Crim. R. 36.[1] See, State v. Valdez, Licking App. No. 05-CA-00094,2006-Ohio-3298, at ¶ 90-91, and, State v. Silguero, Franklin App. No. 02AP-234, 2002-Ohio-6103, appeal not allowed by 98 Ohio St.3d 1490,2003-Ohio-1189, 785 N.E.2d 473. Thus, this case is remanded to the trial court to correct the clerical error in its October 31, 2005, judgment entry to delete the references to R.C. 2929.18(A)(4) and 2929.19
contained therein.
 {¶ 23} Accordingly, appellant's assignment of error number III is sustained, but only to the extent that the trial court committed a clerical error in its October 31, 2005, judgment entry, and the cause is remanded to the trial court to correct its clerical error.
 {¶ 24} The judgment of the Fairfield County Common Pleas Court is affirmed and this matter is remanded to the Fairfield County Court of Common Pleas to correct the clerical error in its October 31, 2005, judgment entry to delete the references to R.C. 2929.18(A)(4) and2929.19 contained therein.
By: Edwards, J., Gwin, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is affirmed and remanded. Costs assessed to appellant.
[1] Criminal Rule 36 provides that "[c]lerical mistakes in judgment. . .may be corrected by the court at any time."