[Cite as *State v. Briskey*, 2012-Ohio-5340.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 MA 63 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| RAYMOND BRISKEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal   Appeal   from   Youngstown
Municipal Court, Case No. 11TRD3059.

JUDGMENT:                                         Affirmed in part; Reversed in part;
Remanded.

APPEARANCES:
For Plaintiff-Appellee:                         Attorney Dana Lantz
Prosecuting Attorney
26 South Phelps Street
Youngstown, Ohio  44503

For Defendant-Appellant:                    Attorney John Ams
134 Westchester Drive
Youngstown, Ohio  44515

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: November 14, 2012

VUKOVICH, J.

{¶1} Defendant-appellant Raymond Briskey appeals from the sentences entered in two misdemeanor cases. First, he argues that because the court is explicitly precluded from imposing jail for an unclassified misdemeanor, the court was not permitted to impose probation either because the main remedy for a probation violation is jail time. However, the statutes defining the offenses specifically order the sentencing court to apply certain sentencing statutes, which contain the option of probation, and jail is not the only option for a future probation violation. Consequently, the court was permitted to impose probation as part of its sentence.

{¶2} Next, appellant contends that the court erred by setting a show cause hearing merely in order to ascertain if he was performing the court-ordered community service. He posits that if the court erred in setting the hearing, then the court's setting of bond in the form of electronic monitoring house arrest (EMHA) was also erroneous. We conclude that the setting of a status hearing to ensure compliance with the sentence was permissible, but labeling it a show cause hearing in order to impose EMHA bond was not.

{¶3} In accordance, the imposition of probation is affirmed. However, the portion of the sentencing entry setting the case for a show cause hearing is reversed, and the case is remanded for the trial court to relabel the contempt hearing as a status hearing and to eliminate the EMHA bond as it represents security for a contempt hearing set in the absence of any charge of contempt. On remand, the trial court may consider whether it wishes to impose EMHA as part of appellant's sentence pursuant to R.C. 2929.27(A)(2).

<u>STATEMENT OF THE CASE</u>

{¶4} In case number 11TRD3059, appellant was charged with driving under suspension (DUS) and impeding the flow of traffic. On March 21, 2012, appellant pled no contest to DUS (financial responsibility) in violation of R.C. 4510.16, and the state dismissed the other charge. The court imposed a $100 fine and $100 as reimbursement for community control supervision. The court stated that the financial sanctions were to be paid by community service, as had been requested by appellant

at sentencing. Eighty hours of community service were required. The court then imposed two years of probation, making it a reporting probation until the sanctions were paid and appellant produced a valid driver's license. Additionally, the court set the matter for a May 18, 2012 show cause hearing to determine appellant's progress toward his community service obligation and imposed electronic monitoring house arrest (EMHA) as bond. (Tr. 11).

{¶5} In case number 12TRD689, appellant was charged with DUS, a seatbelt violation, and a traffic control signal violation. On March 21, 2012, appellant pled no contest to DUS (failure to reinstate) in violation of R.C. 4510.21, and the state dismissed the other two charges. The court imposed the same sentence in this case as it imposed in the other DUS case.

{¶6} Appellant filed a timely notice of appeal, attaching both sentencing entries. His sentence has been stayed pending appeal.

ASSIGNMENT OF ERROR NUMBER ONE

{¶7} Appellant sets forth two assignments of error, the first of which provides:

{¶8} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A PERIOD OF PROBATION FOR VIOLATIONS OF UNCLASSIFIED MISDEMEANORS UNDER REVISED CODE SECTIONS 4510.16 AND 4510.21."

{¶9} The sentencing court stated that both of appellant's DUS offenses were unclassified misdemeanors. See R.C. 4510.16(D)(1); 4510.21(C)(1). Both statutes contain the following sentencing provisions:

{¶10} "When the offense is an unclassified misdemeanor, the offender shall be sentenced pursuant to sections 2929.21 to 2929.28 of the Revised Code, except that the offender shall not be sentenced to a jail term; the offender shall not be sentenced to a community residential sanction pursuant to section 2929.26 of the Revised Code; notwithstanding division (A)(2)(a) of section 2929.28 of the Revised Code, the offender may be fined up to one thousand dollars; and, notwithstanding division (A)(3) of section 2929.27 of the Revised Code, the offender may be ordered pursuant to division (C) of that section to serve a term of community service of up to five hundred hours. The failure of an offender to complete a term of community service imposed by the court may be punished as indirect criminal contempt under division (A) of section

2705.02 of the Revised Code that may be filed in the underlying case." R.C. 4510.16 (D)(1); 4510.21(C)(1).

{¶11} Appellant argues that the maximum sentence for these unclassified misdemeanors is 500 hours of community service plus a $1,000 fine. He reasons that since jail time is not permitted, probation is necessarily not permitted because the court would be unable to impose the final sanction of jail time in the case of probation violations. *See* R.C. 2929.25(D)(2) (court options upon probation violation), (a) (longer term of probation), (b) (more restrictive terms), or (c) (a combination of sanctions including jail time), (D)(3) (if jail is imposed, the total time cannot exceed the maximum available jail term for the offense). He notes that the failure to complete community service can be remedied by indirect contempt as permitted by the aforequoted statutes and that any failure to pay a fine can be enforced as a judgment under R.C. 2929.28(D).

{¶12} The statutes defining these offenses and characterizing them as unclassified misdemeanors specifically provide that the court "shall" sentence the offender pursuant to R.C. 2929.21 through 2929.28. *See* R.C. 4510.16(D)(1); 4510.21(C)(1). Those cited statutes explicitly contain probation as a permissible sentencing option for all misdemeanors except minor misdemeanors. For instance, R.C. 2929.27 lists probation as one of the nonresidential sanctions that a sentencing court can impose. R.C. 2929.27(A)(5)-(6).

{¶13} Moreover, R.C. 2929.25, provides that in sentencing for a misdemeanor, other than a minor misdemeanor, the court may impose community control or it may impose a suspended jail sentence with community control. R.C. 2929.25(A)(1)(a)-(b). Merely because the second option is eliminated by the unclassified misdemeanor statutes pertinent to this case does not eliminate the first option.

{¶14} Similarly, upon a probation violation, the court may choose to impose a longer probation term, make the terms more restrictive, or impose a combination of sanctions including jail. R.C. 2929.15(A)(3)(a)-(c), (D)(2)(a)-(c). Merely because a court is unable to exercise all of the parts of the third option upon a probation violation would not eliminate the court's discretion to impose probation. The court still has

power, upon a probation violation, to impose a longer term of probation or to impose more restrictive terms. R.C. 2929.25(D)(2)(a)-(b).

{¶15} In fact, the sentencing court is expressly provided with the discretion to determine the most effective ways to achieve the purposes and principles of misdemeanor sentencing by imposing any sanction provided in R.C. 2929.14 through 2929.28, *unless a sanction is* specifically required or *specifically precluded from being imposed by the section setting forth the offense.* R.C. 2929.21(A). The statute setting forth the offenses here provides certain exceptions to the sentencing provisions of R.C. 2929.21 through R.C. 2929.28. R.C. 4510.16(D)(1); 4510.21(C)(1). For example, the statutes eliminate any right to impose jail and community residential sanctions. *Id.* However, they do not eliminate the right to impose probation. As other sentencing options are specifically excluded, we cannot infer that probation is implicitly excluded.

{¶16} In fact, the statute cited by appellant in support of his argument that the court has options besides probation for ensuring his compliance, clearly explains that the collection remedy for unpaid fines is a supplemental civil remedy that does not preclude enforcement of the criminal sanctions. R.C. 2929.28(E). In any event, the fact that there is a collection procedure or the fact that the statutes defining the offenses provide a contempt remedy for failing to complete community service does not correlate with the argument that probation is unavailable.

{¶17} And, contrary to appellant's suggestion, the court did not impose two years of probation merely to ensure that he completes his community service/pays his fine; rather, it was made reporting until he finished his service *and* produced a valid driver's license. Moreover, the statute's reference to 500 hours of community service and a $1,000 fine are listed merely as exceptions to the standard statutory provisions that typically allow these amounts only for first degree misdemeanors. *See* R.C. 2929.27(A)(1)(3) (500 hours for M1, 200 hours for others); R.C. 2929.28(A)(2)(a)(1) ($1,000 fine for M1). Allowing such punishment for these unclassified misdemeanors does not set the parameters of the entire sentence but merely allows punishment equivalent to a first degree misdemeanor in these specified categories of sanctions.

{¶18} Finally, as aforementioned, these amounts are expressly set forth as exceptions to the general sentencing statutes, and the sentencing court "shall" apply the general sentencing statutes (which contain the option of probation) to these unclassified misdemeanors. R.C. 4510.16(D)(1); R.C. 4510.21(C)(1); R.C. 2929.22(A), (C); R.C. 2929.25(A)(1)(a); R.C. 2929.27(A)(5)-(6). Accordingly, this assignment of error is overruled.

ASSIGNMENT OF ERROR NUMBER TWO

{¶19} Appellant's second assignment of error provides:

{¶20} "THE TRIAL COURT ERRED WHEN IT PLACED APPELLANT ON EMHA BOND AND SET A SHOW CAUSE HEARING WHERE APPELLANT HAD NOT VIOLATED ANY COURT ORDER."

{¶21} The trial court explained at the sentencing hearing that the matter was being set for a show cause hearing to make sure appellant complies with his sentence. Defense counsel queried, "just so I am clear, this is a show cause in case he doesn't complete the community service[?]" The court responded, "We are going to come back and see if he has done what he is supposed to, if not, he is facing additional contempt which could means 30 more days in each of the cases. Do you understand that." (Tr. 11).

{¶22} The reference to "additional contempt" dealt with the fact that while out on his bond for the first offense, he violated EMHA and was held in contempt. As he was sentenced to thirty days in jail on that contempt, the current show cause hearing and EMHA bond is not related to that prior contempt. Rather, the sentencing entries for the DUS offenses both contain the order that the case would be set for a show cause hearing and that his bond pending that hearing would be EMHA.

{¶23} Appellant points out that a show cause hearing is held to ascertain the validity of a claim that someone is in contempt. *See* R.C. 2705.03. Appellant argues that the sentencing court's setting of a show cause hearing was premature and improper where there was no allegation that he was in contempt of the sentencing order. *See* R.C. 2705.02 (listing the acts that could result in contempt, such as disobedience of a court order). Appellant states that he is being preemptively punished with bond in the form of EMHA merely because the court is concerned that

he may not complete the community service that was ordered that very day. He concludes that there was no justification for a show cause hearing and thus there was no justification for bond after sentencing.

{¶24} Appellant's argument has merit. Appellant is not alleged to have disobeyed a court order. *See* R.C. 2705.02(A)(1). Even if he had, a charge in writing must be filed with the clerk before he can be ordered to appear for the hearing on the alleged contempt and bond set. *See* R.C. 2705.03 (charge is filed in writing); R.C. 2705.04 (court can set bond on contempt charge). Here, the court is preemptively using the contempt framework to ascertain compliance with a sentence.

{¶25} As aforementioned, the court can use indirect criminal contempt under R.C. 2705.02(A) to punish for failure to complete community service for these unclassified misdemeanors. R.C. 4510.16(D)(1); R.C. 4510.21(C)(1). Thus, the court may be permitted to set a future compliance or status hearing to ensure that the community service sentence was completed. However, unless there is an allegation and a charge of contempt, the court cannot call the future hearing a show cause hearing in order to impose bond pending that hearing. This was the day of sentencing; no contempt for failing to comply with the terms of the sentence could have yet occurred and was not alleged in any event.

{¶26} The sentencing court could have imposed EMHA as part of his sentence. *See* R.C. 2929.27(A)(2). But, it did not do so. Instead it used EMHA as bond pending a mislabeled "show cause" hearing to ensure compliance with a sentence (without any allegation of non-compliance).

{¶27} "Bail is security for the appearance of an accused to appear **and answer to a specific criminal or quasi-criminal charge** in any court * * *." (Emphasis added). R.C. 2937.22(A). Crim.R. 46(H) provides that the same bond continues until the verdict or guilty plea and furthers provides: "In the discretion of the court, the same bond may also continue pending sentence or disposition of the case on review. Any provision of a bond or similar instrument that is contrary to this rule is void." Crim.R. 46(H).

{¶28} This was not a continuation of bond as the prior bond had been revoked, and appellant had been incarcerated at the time of his sentencing. (Tr. 9). Moreover,

a final order of sentence was entered, and the bond was not continued for purposes of disposition of the case on (appellate) review. After sentencing, there was no "specific criminal or quasi-criminal charge" pending. *See* R.C. 2937.22(A). Had a contempt citation issued for failure to complete community service, bond could have been required to answer for that quasi-criminal charge. R.C. 2705.04; R.C. 2937.22(A).

{¶29} However, there was no allegation of contempt here. Thus, the setting of a status hearing was permissible, but labeling it a show cause hearing was not. The labeling error may at first appear harmless in some cases, but the scheduling of a "show cause" hearing places a false allegation on one's record, especially where the court set EMHA bond pending that "show cause" hearing.

{¶30} For the foregoing reasons, the imposition of probation is affirmed. However, the portion of the sentence setting the case for a show cause hearing is reversed, and the case is remanded for the trial court to relabel the contempt hearing as a status hearing and eliminate the EMHA bond as it represents security for a contempt hearing that had been set in the absence of any charge of contempt. On remand, the trial court may consider whether it wishes to impose EMHA as part of appellant's sentence pursuant to R.C. 2929.27(A)(2).

Donofrio, J., concurs.
Waite, P.J., concurs.