[Cite as *Oakwood v. Durmusoglu*, 2019-Ohio-1384.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CITY OF OAKWOOD | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28017 |
| | : | |
| v. | : | Trial Court Case No. CRB1700076 |
| | : | |
| SERDAR DURMUSOGLU | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of April, 2019.

. . . . . . . . . . .

ROBERT F. JACQUES, Atty. Reg. No. 0075142, 30 Park Avenue, Dayton, Ohio 45419
    Attorney for Plaintiff-Appellee

JOHN R. FOLKERTH, JR., Atty. Reg. No. 0016366, 109 North Main Street, 500
Performance Place, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Serdar Durmusoglu pled no contest in the Oakwood Municipal Court to disorderly conduct.   The trial court found him guilty and sentenced him to 30 days in jail, of which 29 were suspended (credit for one day served), a $250 fine, an in-depth evaluation assessment, and intensive supervised probation for two years; the court ordered Durmusoglu not to distribute or show compromising pictures of the complainant or to have any contact with her.   The court also required Durmusoglu to pay court costs of $120 and jury costs of $70.50.

{¶ 2} Durmusoglu appeals from his conviction, claiming that the court improperly sentenced him for disorderly conduct as a fourth-degree misdemeanor rather than as a minor misdemeanor.   He asserts that the court erred in imposing a 30-day jail term, two years of intensive probation, and a $250 fine, because those penalties are not available for a minor misdemeanor.   Durmusoglu further claims that the trial court erred in ordering him to pay "jury costs and imposing other sanctions not permitted by law."

{¶ 3} For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for resentencing.

## I. Factual and Procedural History

{¶ 4} In September 2017, Durmusoglu was charged by complaint with domestic violence, in violation of R.C. 2919.25, a first-degree misdemeanor.   Durmusoglu entered a plea of not guilty.   He subsequently filed a demand for a jury trial.   In December 2017, the trial court filed a scheduling entry, which set a final pretrial conference for January 18, 2018, and a jury trial for Friday, March 23, 2018.

{¶ 5} On Thursday, March 22, 2018, Durmusoglu entered a no contest plea in

exchange for which the City amended the charge of domestic violence to disorderly conduct. The written plea form indicated that Durmusoglu was entering a no contest plea to disorderly conduct, in violation of Oakwood Codified Ordinance 509.03(a)(2), a fourth-degree misdemeanor. Durmusoglu acknowledged in his plea form that his sentence could include a fine up to $250, a 30-day jail term, and community control sanctions for up to five years (including up to 30 days of incarceration).

{¶ 6} At the plea hearing, the prosecutor told the trial court that, after discussions with defense counsel, he was moving to amend the charge from domestic violence to disorderly conduct, in violation of Oakwood Codified Ordinances 509.03(a)(2).[1] The prosecutor stated:

> * * * [T]he allegations are that on or about September the 18, 2017, the Defendant recklessly caused inconvenience, annoyance or alarm to another by doing the following, in the two subsections of the charges, the Defendant made unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to another person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace. That's a misdemeanor of the fourth degree.

Defense counsel told that court that he understood those to be the terms of the plea offer.

---

[1] Oakwood Codified Ordinances 509.03(a)(2) provides: "No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following: * * * (2) Making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace[.]"

{¶ 7} The trial court then spoke with Durmusoglu. The court explained that the original charge was a first-degree misdemeanor, which had a possible maximum sentence of six months in jail and a $1,000 fine. The court stated that the plea was for a fourth-degree misdemeanor, which had a possible maximum sentence of 30 days in jail and a possible fine of $250. Durmusoglu indicated that he understood. The trial court told Durmusoglu that he could be placed on probation for up to five years, but "it's much more likely a two year period." Durmusoglu again stated that he understood. The trial court informed Durmusoglu that, if he entered a plea, there would be no trial and he would be waiving the right to object to anything that had happened in the criminal case up to the plea.[2] The court confirmed that Durmusoglu had reviewed and signed the written plea form, and the court informed him of the constitutional rights that he was waiving by entering his plea.

{¶ 8} At this juncture, defense counsel raised two matters with the court. Counsel noted that there was a pending motion regarding bond payments; the court stated that the issue would remain pending. Counsel further stated that the parties had agreed to no additional jail time. The court told the parties that it would not agree to impose no jail time; it stated that the parties could make a recommendation, but the court would not agree to a sentence without knowing the facts of the case and having a probation report. The court allowed defense counsel to discuss the matter with his client.

{¶ 9} After a recess, defense counsel indicated that Durmusoglu wanted to

---

[2] The court's statement about waiver of the right to appeal would be true for a guilty plea, but a no contest plea preserves the right to appeal rulings made prior to the plea. *See* Crim.R. 12(I) ("The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.")

proceed with the plea. Durmusoglu entered a plea of no contest to the amended charge of disorderly conduct, a fourth-degree misdemeanor. The court accepted the plea, found Durmusoglu guilty, and referred the matter to the probation department.

{¶ 10} On April 26, 2018, after a presentence investigation, the trial court held a sentencing hearing. The court imposed sentence, as described above, which was consistent with a charge of disorderly conduct as a fourth-degree misdemeanor.

{¶ 11} Durmusoglu appeals from his conviction, raising four assignments of error.

## II. Durmusoglu's Plea and Sentence for Disorderly Conduct

{¶ 12} In his first, second, and third assignments of error, Durmusoglu claims that the trial court committed plain error by imposing a 30-day jail term, two years of intensive supervision, and a $250 fine, because those penalties are not permitted for a minor misdemeanor. Durmusoglu's fourth assignment of error claims that the trial court committed plain error by ordering him to pay "jury costs and other sanctions not permitted by law."

{¶ 13} Oakwood Codified Ordinances 509.03(e) provides the levels of offense for disorderly conduct. It states:

(e) (1) Whoever violates this section is guilty of disorderly conduct.

(2) Except as otherwise provided in this subsection (e)(3), disorderly conduct is a minor misdemeanor.

(3) Disorderly conduct is a misdemeanor of the fourth degree if any of the following applies:

A. The offender persists in disorderly conduct after reasonable warning or request to desist.

B. The offense is committed in the vicinity of a school or in a school safety zone.

C. The offense is committed in the presence of any law enforcement officer, firefighter, rescuer, medical person, emergency medical services person, or other authorized person who is engaged in the person's duties at the scene of a fire, accident, disaster, riot or emergency of any kind.

D. The offense is committed in the presence of any emergency facility person who is engaged in the person's duties in an emergency facility.

{¶ 14} The City concedes that Durmusoglu was not properly convicted of disorderly conduct as a fourth-degree misdemeanor. It acknowledges that the statement of the charge provided by the prosecutor at the plea hearing did not include any of the circumstances identified in Oakwood Codified Ordinances 509.03(e)(3). The City further notes that, at the plea hearing, the trial court did not obtain an explanation of the facts and circumstances of the offense, which is required for a fourth-degree misdemeanor, but not a minor misdemeanor. *See* R.C. 2937.07. We agree that Durmusoglu was not properly convicted of disorderly conduct as fourth-degree misdemeanor.

{¶ 15} Durmusoglu asserts that, as a result of these errors, he should have been found guilty of disorderly conduct as a minor misdemeanor and sentenced accordingly. The penalties for misdemeanors in Oakwood are set forth in Oakwood Codified Ordinances 501.99. Under that ordinance, a person who commits a minor misdemeanor may be sentenced to pay a fine of not more than $150 and court costs. There is no

legislative authorization for the imposition of a jail term or community control sanctions for a minor misdemeanor.

{¶ 16} In its appellate brief, the City agrees with Durmusoglu's assertion. Although the City's agreement to amend the domestic violence charge was based on Durmusoglu's agreement to plead to disorderly conduct as a fourth-degree misdemeanor, the City does not ask that we vacate Durmusoglu's plea and remand for a new plea hearing. Rather, the City "concedes that the Appellant [Durmusoglu] could only be convicted of disorderly conduct of the minor misdemeanor variety, and should have been sentenced accordingly."

{¶ 17} In light of both parties' position that we should view Durmusoglu's plea as a plea to disorderly conduct as a minor misdemeanor, we agree that the trial court's sentence of a jail term, intensive supervision, and a $250 fine was contrary to law. Durmusoglu's first, second, and third assignments of error are sustained.

{¶ 18} Durmusoglu further claims that the trial court erred in ordering him to pay jury fees and imposing other sanctions. Specifically, Durmusoglu was ordered to pay jury fees of $70.50 and $120 in court costs and, as part of his probation, not to have contact with the complainant, and not to disseminate any intimate or compromising photographs. Durmusoglu does not challenge the imposition of $120 in court costs.

{¶ 19} The City does not contest Durmusoglu's argument that the trial court's no-contact and no-dissemination orders must be vacated. Because the court imposed those requirements as part of Durmusoglu's probation/community control, which was not authorized for a minor misdemeanor, we agree that those requirements must be vacated.

{¶ 20} In arguing that the trial court erred in ordering him to pay jury fees,

Durmusoglu asserts that he entered his no contest plea three days prior to trial. He cites to the transcript of the sentencing hearing, in which the trial court noted that the parties reached a plea agreement three days before the scheduled trial date. (Sentencing Tr. at 14.) Durmusoglu argues that R.C. 2947.23(A)(2) does not permit jury fees to be assessed as costs under these circumstances.

{¶ 21} R.C. 2947.23(A)(2)(b) provides: "If a jury has not been sworn at the trial of a case * * * because the defendant entered a plea of guilty or no contest less than twenty-four hours before the scheduled commencement of the trial, the costs incurred in summoning jurors for that particular trial may be included in the costs of prosecution. If the costs incurred in summoning jurors are assessed against the defendant, those costs shall be paid to the public treasury from which the jurors were paid."

{¶ 22} In this case, the trial court scheduled Durmusoglu's trial for 9:00 a.m. on March 23, 2018. The record does not reflect when the parties reached a plea agreement, but on March 20, 2018, the trial court filed a hearing notice for "disposition" on March 22, 2018 at 1:00 p.m. At the March 22 hearing, Durmusoglu entered his no contest plea to disorderly conduct.

{¶ 23} Regardless of when the parties reached their agreement, Durmusoglu entered his plea on the afternoon of March 22, 2018, less than 24 hours prior to his scheduled jury trial. Under these circumstances, the trial court was permitted by R.C. 2947.23(A)(2)(b) to order Durmusoglu to pay the costs incurred in summoning jurors for his trial. Durmusoglu's fourth assignment of error is sustained in part and overruled in part.

{¶ 24} Durmusoglu initially asked in his appellate brief that the matter be remanded

to the trial court for resentencing. In his reply brief, however, he argues that a remand "will serve no purpose," will "obstruct and delay [his] efforts to rebuild his career[,] and [will] continue to subject him to severe financial hardship for no good purpose." Durmusoglu states that the issue of resentencing is "significant," because the date that his conviction will become available for sealing will be based on the resentencing date. (*See* Reply Brief, citing *State v. Wagner*, 12th Dist. Clermont No. CA93-01-003, 1993 WL 192915 (1993); R.C. 2953.32(A)(1)(c) (application to seal a record of a misdemeanor conviction may not be filed until one year after the offender's final discharge)). Durmusoglu states that he has already fully paid the maximum possible fine, courts costs, and jury costs, and he asks that we modify his sentence without remand.

{¶ 25} In light of our disposition of Durmusoglu's assignments of error, Durmusoglu must be resentenced for a minor misdemeanor. Although in certain circumstances we have the authority to modify a defendant's sentence on appeal, this case presents a situation in which the trial court will be exercising its sentencing discretion. As for the date of Durmusoglu's "final discharge" under R.C. 2953.32(A)(1), we state no opinion regarding the Twelfth District's opinion in *Wagner* or the date of Durmusoglu's "final discharge" for purposes of R.C. 2953.32(A)(1)(c). *Compare, e.g., State v. Weirauch*, 2018-Ohio-5001, __ N.E.3d __ (2d Dist.). Regardless, the time lapse between our remand and the trial court's proceedings should be minimal.

### III. Conclusion

{¶ 26} The trial court's judgment will be reversed, and the matter will be remanded for further proceedings on one count of disorderly conduct, a minor misdemeanor, consistent with this Opinion.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Robert F. Jacques
John R. Folkerth, Jr.
Hon. Margaret M. Quinn