# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN N. FERRELLI,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0049

---

Criminal Appeal from the
Belmont County Court Eastern Division
of Belmont County, Ohio
Case No. 25CRB00154E

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Theodore L. Tsoras*, Tsoras Law Office, for Defendant-Appellant.

Dated: March 5, 2026

**Robb, J.**

{¶1}   Defendant-Appellant John N. Ferrelli appeals the judgment of the Belmont County Court (Eastern Division) sentencing him on a minor misdemeanor to probation with conditions including no contact provisions.  He asserts the court erred by imposing a sentence that was contrary to law and by subsequently denying his motion to vacate the sentence because the court lacked statutory authority to impose such a sentence for a minor misdemeanor.   The state concedes the case should be remanded for resentencing because the court lacked authority to sentence Appellant to probation and thus the no contact conditions of the probation.  For the following reasons, the trial court's judgment is reversed, and the case is remanded for further proceedings including but not limited to resentencing.

<u>STATEMENT OF THE CASE</u>

{¶2}   On March 20, 2025, a complaint was filed against Appellant charging him with menacing by stalking in violation of R.C. 2903.211(A)(1), (B)(1) (a first-degree misdemeanor).  It was alleged that on or about October 8, 2024 he engaged in a pattern of conduct that knowingly caused E.T. to believe he would cause physical harm or mental distress to her or a family member.

{¶3}   After defense counsel filed a notice of appearance and a written not guilty plea, the court set recognizance bond conditions of good behavior, no violations of the law, and attendance at all future court hearings. (4/1/25 J.E.).  The court also set a pretrial date for April 17, 2025.  When counsel asked for an extension of the pretrial date, the court granted the extension by one week and continued the recognizance bond.  (4/2/25 J.E.).  Two days later, the court issued a nunc pro tunc judgment adding a bond condition of no contact with E.T.  (4/4/25 J.E.).

{¶4}   During the pretrial, the court scheduled a continued pretrial and then modified the bond conditions to add the following:   "1. Defendant to have no intentional/unwanted contact or communication with victim at place of employment.  And can only enter the city building for purposes of legitimate business and for attending public meetings.  2. Defendant will not go within 500 ft. of victim's residence."  (4/24/25 J.E.).

<u>Case No. 25 BE 0049</u>

**{¶5}** The state first asked the court to modify bond, complaining Appellant took too long to leave the parking lot after attending an April 28, 2025 Shadyside city council meeting (where E.T. was village administrator). (5/7/25 Mot.). The state then asked the court to revoke bond, generally stating he was at E.T.'s place of employment. The court held a hearing and then ordered the state to amend the motion. (7/3/25 J.E.).

**{¶6}** The state's amended motion incorporated the following items: the December 18, 2024 initial police report that prompted the filing of the case; a police officer's statement about the April 28 meeting (Appellant told the officer he was on his phone and wanted to finish his call before driving away from the parking lot); and E.T.'s statement that she saw Appellant drive past as she was outside near her office twice on June 11, 2025.

**{¶7}** The court overruled the motion to revoke bond after a hearing where Appellant denied the allegations; however, the court added bond conditions prohibiting Appellant from being within 200 feet of Shadyside's city building or attending any council meetings until the August 18, 2025 jury trial. (7/31/25 J.E.). On August 12, 2025, the parties informed the court they reached a plea agreement and requested a plea hearing.

**{¶8}** At the resulting August 14, 2025 hearing, the court granted the state's motion to amend the complaint from first-degree misdemeanor menacing by stalking to a minor misdemeanor disorderly conduct violation of R.C. 2917.11(A). The court then accepted Appellant's guilty plea to the minor misdemeanor and issued a sentence.

**{¶9}** The court imposed two years of probation. The court also imposed a fine of $150 plus $95 in court costs with $50 of the fine suspended upon the following "conditions of probation":

1. Be of good behavior and have no violations of law;

2. Have no intentional contact or communication with [E.T.] This includes contact through a third party, in writing, by telephone or social media and includes not posting about the victim on social media;

3. Shall not be with[in] 500 feet of the victim's residence;

4. Shall not be found on the premises or within the vicinity of the City Building in Shadyside, Ohio unless it is for legitimate business purposes or for city council meetings.

(8/14/25 J.E.). (Appellant collectively refers to the probation conditions in 2-4 as a "no contact order" or "no contact provisions").

{¶10} The sentencing entry also set a motion hearing for August 21, 2025. The day before the hearing, the defense filed a formal objection to the sentence and a motion to vacate the sentence. Both filings contained the same law and arguments, urging the court lacked statutory authority to impose probation and the accompanying no contact order for a minor misdemeanor sentence.

{¶11} When the parties appeared for the scheduled motion hearing, the court continued the hearing and ordered the state to file a response within the week. (8/21/25 J.E.). The state's response agreed a defendant cannot normally be placed on a probationary sentence for a minor misdemeanor but nevertheless asked the trial court to deny Appellant's motion to vacate the sentence. It was asserted parties are able to consent to terms in a plea agreement even though they are not provided for in a statute, such as cooperating in other cases (without citing a case involving a minor misdemeanor).[1] The state then said the prosecution agreed to amend the charge in return for the defendant's agreement to "a no contact provision with the victim." The state did not contend Appellant agreed to probation or explain how the argument on an agreed no contact order justified probation with a no contact order as a condition of probation on a minor misdemeanor. Notably, the state does not mention these facts or arguments on appeal but instead concedes probation and thus the no contact conditions of probation were not authorized sentences for a minor misdemeanor.

{¶12} Appellant's reply in support of his motion to vacate the sentence did not deny he consented to a no contact order. He noted the only citation in the state's brief was not a case on sentencing outside of statutory authority but spoke of the state's ability to rescind a plea agreement for breach. *See State v. Snell*, 2019-Ohio-1033, ¶ 13 ("if one side breaches the agreement, then the other side is entitled to either rescission or specific

---

[1] We note the following Supreme Court holding: "Once a defendant has been sentenced by a trial court, that court does not have jurisdiction to entertain a motion by the state to vacate the defendant's guilty plea and sentence based upon the defendant's alleged violation of a plea agreement." *State v. Gilbert*, 2014-Ohio-4562, syllabus. However, *before* the final judgment of sentence has been entered, the state can ensure the defendant does not breach the agreement, and "the trial court is still able to ensure that the defendant does not receive anything that he or she is not entitled to receive regarding the dismissal of any charges or a lesser sentence." *Id.* at ¶ 11.

performance of the plea agreement"). Appellant's reply then cited a Supreme Court case holding the trial judge who imposed a prison sentence was not statutorily authorized to impose a no contact order as a nonresidential community control sanction where a felony sentencing statute said a community control sanction may be imposed "instead of" a prison term. *State v. Anderson*, 2015-Ohio-2089, ¶ 29-32 (the court could not impose both for the same offense). He also cited an appellate case vacating a sentence as unauthorized by law even though the defendant consented in a plea agreement to be labeled ineligible for risk reduction prison programs, earned days of credit, transitional control, judicial release, or any other early release. *State v. Livingston*, 2014-Ohio-1637, ¶ 2, 10 (1st Dist.) (where these agreed items were specific rights granted by post-sentencing statutes and were not specified as available for elimination in sentencing statutes {as opposed to probation, which is specifically listed as inapplicable to a minor misdemeanor}).

**{¶13}** After a motion hearing, the court denied Appellant's motion to vacate the sentence. (9/4/25 J.E.). On September 12, 2025, Appellant filed a timely notice of appeal from the August 14, 2025 judgment of conviction and sentence and from the September 4, 2025 denial of his motion to vacate. He sets forth an assignment of error for each judgment entry (with the second assignment of error generally incorporating by reference the arguments specified under the first assignment of error).

<u>ASSIGNMENTS OF ERROR</u>

**{¶14}** As both of the following assignments of error rely on the same arguments, we address them together:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING PROBATION AND A NO CONTACT ORDER IN ITS JUDGMENT OF SENTENCE AGAINST THE DEFENDANT/APPELLANT FOR A MINOR MISDEMEANOR."

"THE TRIAL COURT ERRED AS A MATTER OF LAW FOR DENYING DEFENDANT/APPELLANT'S MOTION TO VACATE ITS SENTENCE OF PROBATION AND THE NO CONTACT ORDER FOR LACK OF STATUTORY AUTHORITY."

**{¶15}** Appellant argues probation is statutorily prohibited from being imposed as a sentence on a minor misdemeanor. Likewise, he states the court sentencing on a minor misdemeanor lacked statutory authority to impose the no contact provisions. Although

the no contact provisions in this case were imposed as conditions of probation, Appellant generally suggests no contact provisions can never be imposed. He states a no contact order falls under the catchall provisions in R.C. 2929.27(A)'s non-exhaustive list of nonresidential community control sanctions that cannot be imposed on a minor misdemeanor. In any case, he concludes the trial court lacked legal authority to impose probation along with the conditions involving no contact after he pled guilty to a minor misdemeanor, rendering the sentence contrary to law.

{¶16} The state concedes the error in imposing probation and any conditions of probation, including the no contact provisions. The state agrees we should reverse and remand for further proceedings.

{¶17} The Supreme Court has observed, "judges are not imperial [and their] authority to sentence in criminal cases is limited by the people through the Ohio Constitution and by our legislators through the Revised Code." *State v. Fischer*, 2010-Ohio-6238, ¶ 21. "Judges have no inherent power to create sentences . . . Rather, judges are duty-bound to apply sentencing laws as they are written." *Id.* at ¶ 22. In other words, a sentencing judge can only impose a sentence that is authorized by a statute and lacks authority to fabricate a sentence. *Anderson*, 2015-Ohio-2089 at ¶ 10-13.

{¶18} Whether a sentencing court is authorized to impose a sentence is a question of law. *See, e.g., State v. Marcum*, 2016-Ohio-1002, ¶ 14 (where the Supreme Court indicated a sentence that is not authorized by a provided statutory range is a prime example of a sentence that is contrary to law); *Fischer* at ¶ 22-23 (where the Supreme Court held if a trial court imposes a sentence that is not authorized by statute and substitutes a greater {or lesser} sentence than the one provided in the statute, then the sentence is contrary to law).[2]

{¶19} We review de novo pure questions of law, such as whether certain authorizations are statutorily bestowed upon a court. *State v. McManus*, 2024-Ohio-

_____

[2] Even a jointly recommended sentence can be characterized as not authorized by law. *See State v. Sergent*, 2016-Ohio-2696, ¶ 26-31 (where the Supreme Court pointed out a jointly recommended sentence is not authorized by law if it imposes a sentence outside of the sentencing range, fails to impose a mandatory item, or violates the allied offense statute prohibiting a sentence; as opposed to a joint recommendation that relieves the court from making findings before exercising discretion), applying R.C. 2953.08 (prohibiting appeal of a jointly recommended felony sentence if it was "authorized by law"). In this appeal, there is no contention probation, which was accompanied by conditions, was a jointly recommended sentence (or that the conditions were jointly recommended in some other manner).

2588, ¶ 25 (7th Dist.), citing *State v. Pariag*, 2013-Ohio-4010, ¶ 9; *see also State v. Kirkendall*, 2025-Ohio-2497, ¶ 1, 15, 25 (1st Dist.) (upon de novo review of compliance with misdemeanor sentencing statutes, it was ruled the trial court exceeded its authority in imposing the community control sanction of 24/7 house arrest without granting the statutory exception for work); *State v. Kendrick*, 2023-Ohio-1763, ¶ 24 (1st Dist.) (although a misdemeanor sentence is generally reviewed for an abuse of discretion, a failure to comply with the applicable sentencing statutes results in a de novo standard of review).

{¶20} In general, a court issuing a misdemeanor sentence "may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." R.C. 2929.22(A). However, the court is specifically prohibited from imposing a sanction that "is precluded from being imposed by . . . any provision of sections 2929.23 to 2929.28 of the Revised Code." *Id.*

{¶21} Jail is not a permissible sentence for a minor misdemeanor. R.C. 2929.26(D); *see also* R.C. 2929.24(A)(1)-(4) (listing available definite jail terms for only the four numerically degreed misdemeanors). Correspondingly, the community control statutes begin by stating:

> In sentencing an offender for a misdemeanor, *other than a minor misdemeanor,* the sentencing court may . . .
>
> (a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate . . .

(Emphasis added.) R.C. 2929.25(A)(1)(a) or (b) (the court may impose a jail term from R.C. 2929.24, suspend all or some of it, and impose a community control sanction); *see also* R.C. 2929.25(A)(2) (maximum of five years), (A)(3) (the court shall notify the defendant of the listed consequences for a violation of the conditions).

{¶22} In addition to instructing the court to "require as a condition of any community control sanction that the offender abide by the law and not leave the state without the permission of the court or the offender's probation officer," the statute reiterates the court may impose additional requirements. R.C. 2929.25(C)(2) (if they are

in the interests of justice, rehabilitation, and good behavior). However, as emphasized in the above quote, *minor misdemeanors are excluded from coverage*. R.C. 2929.25(A); *compare* R.C. 2929.26(A) and R.C. 2929.27(A) *with* R.C. 2929.27(D) and R.C. 2929.28(A)-(B).

**{¶23}** Next, we point to the contents of the statutes cited in R.C. 2929.25(A)(1) covering community residential sanctions (R.C. 2929.26), nonresidential sanctions (R.C. 2929.27), and financial sanctions (R.C. 2929.28). *See* R.C. 2929.25(A)(1) (citing to the "community control sanctions" within each of these statutes).

**{¶24}** In the first statute, the court is expressly instructed it cannot impose residential sanctions for a minor misdemeanor. R.C. 2929.26(A) (repeating, "other than a minor misdemeanor"). Likewise, the next statute provides, "the court imposing a sentence for a misdemeanor, *other than a minor misdemeanor*, may impose upon the offender any nonresidential sanction or combination of nonresidential sanctions authorized under this division." (Emphasis added.) R.C. 2929.27(A). Multiple examples of nonresidential community control sanctions are then listed. R.C. 2929.27(A)(1)-(14).

**{¶25}** Most notably, the probation imposed in the case at bar is on the statutory list of nonresidential community control sanctions *that cannot be imposed on a minor misdemeanor*. R.C. 2929.27(A)(6) ("a term of basic probation supervision"). Again, a court issuing a misdemeanor sentence "may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code" but is prohibited from imposing a sanction that "is precluded from being imposed by . . . any provision of sections 2929.23 to 2929.28 of the Revised Code." R.C. 2929.22(A). Clearly and explicitly, the court was deprived of authority to impose probation for a minor misdemeanor.

**{¶26}** Because the various no contact provisions imposed here are not explicitly included on the list of sanctions in division (A) of R.C. 2929.27 (that can be imposed on all misdemeanors except a minor misdemeanor), Appellant points out the list is non-exhaustive. R.C. 2929.27(A) ("Nonresidential sanctions include, but are not limited to, the following"); *Anderson*, 2015-Ohio-2089 at ¶ 18 (where the Supreme Court explained the statutory phrase "including, but not limited to" means any enumerated items are merely a non-exhaustive list of examples).

Case No. 25 BE 0049

**{¶27}** Moreover, after non-exhaustively listing various sanctions that do not apply to a minor misdemeanor, the statute provides another catch-all provision: "In addition to the sanctions authorized under division (A) of this section, the court imposing a sentence for a misdemeanor, *other than a minor misdemeanor*, upon an offender who is not required to serve a mandatory jail term may impose any other sanction . . ." (Emphasis added.) R.C. 2929.27(C) (if intended to discourage the commission of similar offenses and reasonably related to the overriding purposes and principles of misdemeanor sentencing). Again, a minor misdemeanor is excluded from coverage. *Id.*

**{¶28}** Appellant points out the Supreme Court in *Anderson* additionally observed, "Ohio courts have recognized that a no-contact order is a community-control sanction" (despite not being listed on a non-exhaustive list). *Anderson* at ¶ 17, citing R.C. 2929.16 to .18 (the felony community control statutes generally covering the types of sanctions in the misdemeanor community control statutes in R.C. 2929.26 to .28). Upon so observing, the Court did not take issue with the appellate court's conclusion that a no contact order was a permissible community control sanction in that felony case. *Id.* at ¶ 4-19, 23, 29, 31-32. However, the Court vacated the no contact order (while maintaining the mandatory prison term for rape and the discretionary term for kidnapping) because a felony sentencing statute at issue in *Anderson* said a court may impose a community control sanction "instead of" a prison term resulting in the conclusion that the trial court was not statutorily authorized to impose *both* a no contact order community control sanction and prison term on the same offense. *Id.* at ¶ 29-32.

**{¶29}** As a no contact order is considered a nonresidential community control sanction (under the non-exhaustive list) and as that list contains items that can be imposed on a misdemeanor "other than a minor misdemeanor," Appellant concludes the court was prohibited from imposing a no contact order.

**{¶30}** In any case, the no contact provisions here were expressly ordered as conditions of the probation imposed on Appellant, and again, probation is listed as a nonresidential sanction that cannot be imposed for a minor misdemeanor. R.C. 2929.27(A)(6). The state thus concedes it was error to impose probation along with the no contact conditions of probation.

**{¶31}** Appellant acknowledges the existence of an alternative the trial court could have imposed on the minor misdemeanor when suspending a portion of the fine. After excluding a minor misdemeanor from the nonresidential community control sanctions available for other misdemeanors, the nonresidential sanctions statute contains a division expressly granting the court a particular authority regarding a minor misdemeanor:

> The court imposing a sentence for a minor misdemeanor may impose a term of community service in lieu of all or part of a fine. The term of community service imposed for a minor misdemeanor shall not exceed thirty hours.

R.C. 2929.27(D). In accordance, when suspending a portion of the fine, instead of suspending it on the conditions of probation, the trial court could have utilized this community service statute.

**{¶32}** Correspondingly, the next statute reiterates, "The court may order community service for a minor misdemeanor pursuant to division (D) of section 2929.27 of the Revised Code in lieu of or in addition to imposing a financial sanction under this section and in addition to imposing court costs." R.C. 2929.28(B); *see also* R.C. 2929.25(A)(1) (describing this statute as containing community control sanctions). On the available financial sanctions, this statute *inclusively* provides:

> In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor, *including a minor misdemeanor*, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section . . . If the court, in its discretion or as required by this section, imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(Emphasis added.). R.C. 2929.28(A) (then setting forth the following non-exhaustive list of financial sanctions: (1) restitution for economic loss to the victim; (2) a fine of the type in (a), setting maximum fine amounts, and a fine of the type in (b), pointing to a state fine or cost defined in R.C. 2949.111; and (3) reimbursement for the cost of sanctions).

**{¶33}** The court imposed the $150 maximum fine in subdivision (a) for a minor misdemeanor. R.C. 2929.28(A)(2)(a). The disorderly conduct offense to which Appellant pled guilty was specifically classified as a minor misdemeanor. R.C. 2917.11(A),(E)(2). Still, we pause to point out a noteworthy statute on certain unclassified misdemeanors, which provides the following instructive recap of the maximum sentence for a minor misdemeanor: "Any offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is . . . a fine not exceeding one hundred fifty dollars, community service under division (D) of section 2929.27 of the Revised Code, or a financial sanction other than a fine under section 2929.28 of the Revised Code." R.C 2901.02(G) (for offenses committed on or after 1/1/04).

**{¶34}** Furthermore, Appellant cites case law explaining a court sentencing on a minor misdemeanor cannot impose probation or conditions of probation (such as no contact provisions). Both parties cite an Eighth District case where the defendant who pled no contest to minor misdemeanor disorderly conduct was fined $150 with $50 suspended and one year of community control supervision accompanied by a condition that he write apology letters, after which his supervision would terminate. *City of Lakewood v. Ryan*, 2010-Ohio-5370, ¶ 2-3, 7 (8th Dist.) (the trial court then rejected his letters).

**{¶35}** The appellate court concluded the sentence was contrary to law because "appellant's offense of disorderly conduct is a minor misdemeanor, and thus, not subject to community control sanctions pursuant to R.C. 2929.25." *Id.* at ¶ 14, 21 citing *State v. Dudley*, 2006-Ohio-6290, ¶ 21 (5th Dist.) ("Probation is permissible in all but minor misdemeanor cases."); *see also State v. Briskey*, 2012-Ohio-5340, ¶ 12 (7th Dist.) (noting the sentencing provisions in R.C. 2929.22 to 2929.28, most specifically R.C. 2929.27, allow "probation as a permissible sentencing option for all misdemeanors except minor misdemeanors"). The court reversed and remanded for a new sentence. *Id.* at ¶ 21.

**{¶36}** In an Eleventh District case cited by Appellant, the defendant was found guilty of minor misdemeanor disorderly conduct after a bench trial. *State v. Ehlert*, 2008-Ohio-529, ¶ 2 (11th Dist.). He was fined $150 plus court costs and the court suspended $50 of the fine on the following conditions: (1) no violation of any law or ordinance, except minor traffic offenses for one year; (2) completion of 30 hours of community service within

90 days; (3) completion of a 24-week counseling program; and (4) no contact by any means with any state witness or entry onto their property. *Id.*

**{¶37}** The appellate court reviewed R.C. 2929.22 to 2929.28 and agreed with the defendant's sole argument that counseling was beyond the court's statutory authority for a minor misdemeanor. *Id.* at ¶ 7-13. The court then addressed unraised sentencing issues and sua sponte declared the trial court *lacked the statutory authority to impose a condition prohibiting the minor misdemeanor defendant from having contact with any state witness or entering their property*. *Id.* at ¶ 14. The appellate court also sua sponte ruled the trial court lacked authority to impose the condition prohibiting a violation of any law or ordinance except minor traffic offenses for one year. *Id.* (while declining to sua sponte consider whether the proportion of the fine suspended in relation to the imposition of the full 30 allowable hours of community service was reasonable).

**{¶38}** The *Ehlert* court reversed and remanded for further proceedings consistent with the opinion. *Id.* at ¶ 16; *see also City of Oakwood v. Durmusoglu*, 2019-Ohio-1384, ¶ 16-19, 24-25 (2d Dist.) (where the city did not contest that a sentence for minor misdemeanor disorderly conduct to probation and the conditions including "no-contact and no-dissemination orders" must be vacated, the court reversed and remanded for resentencing after rejecting the defendant's preference for vacation of the offending portions and modification without remand).

**{¶39}** As can be seen by our review of the misdemeanor sentencing statutes, the sentence to probation (for two years) accompanied by no contact provisions as conditions of the probation was contrary to law because it exceeded the court's statutory sentencing authority for a minor misdemeanor. If the trial court believed probation was important in this case, it could have considered rejecting the plea agreement along with the state's request to amend the complaint to minor misdemeanor disorderly conduct from the charged first-degree misdemeanor menacing by stalking. However, the court had no authority to impose a sentence of probation and thus no authority to impose the conditions of the probation, including the no contact provisions.

**{¶40}** The court had authority to impose financial sanctions under R.C. 2929.28, including the $150 fine imposed here, and the trial court had authority to suspend all or some of the fine but not based on probation with the probationary no contact conditions;

rather, such a suspended fine could be accompanied with the imposition of community service.  R.C. 2929.28(B), citing R.C. 2929.27(D); R.C. 2929.25(A)(1); R.C. 2929.27(A).  Appellant's brief emphasizes this sentencing alternative is available upon a suspended fine.

**{¶41}** In accordance, as the state concedes, the sentence must be reversed.  Appellant's first assignment of error is sustained, rendering moot the second assignment of error (relying on the same arguments but related to the denial of his post-sentence motion to vacate the sentence).  As Appellant acknowledges, the trial court has other sentencing options, including the imposition of community service with a suspended fine.  Accordingly, we remand for further proceedings so the case is presented to the trial court at the presentencing point of the case.

**{¶42}** For the foregoing reasons, the trial court's judgment is reversed.  The trial court is ordered to vacate, and the case is remanded for further proceedings including but not limited to resentencing.


Waite, P.J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Belmont County Court Eastern Division of Belmont County, Ohio, is reversed and the sentence is vacated. We hereby remand this matter to the trial court for further proceedings including but not limited to resentencing according to law and consistent with this Court's Opinion, and the trial court is ordered to vacate conviction.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**